UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-1875-MWF(MRWx) | Date: June 7, 2017 |
| Title: Jonathan Chuang -v- Dr Pepper Snapple Group, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Connie Lee | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING MOTION TO REMAND [27]

Before the Court is Plaintiff Jonathan Chuang's Motion to Remand (the "Motion"), filed April 7, 2017. (Docket No. 27). Defendants Dr Pepper Snapple Group, Inc., Mott's LLP, and General Mills, Inc. (collectively, "Mott's") filed their Opposition on May 1, 2017. (Docket No. 28). On May 12, 2017, Plaintiff replied. (Docket No. 35). The Court has reviewed and considered the papers submitted on the Motion and held a hearing on **June 5, 2017.**

The Motion is **DENIED.** The Court has jurisdiction over each of Plaintiff's claims, and thus remand is inappropriate.

## I. BACKGROUND

Plaintiff filed this putative class action in Los Angeles County Superior Court on February 6, 2017, alleging that Mott's misrepresented the fruit content and nutritional qualities of Mott's brand fruit snacks. (Notice of Removal (Docket No. 1), Ex. 1 ("Complaint") (Docket No. 1-1)). On March 8, 2017, Mott's removed the action to this Court under the Class Action Fairness Act of 2005 ("CAFA"). (Notice of Removal at 3). Plaintiff now seeks to remand any claims for which the Court concludes that Plaintiff lacks Article III standing. (Mot. at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1875-MWF(MRWx)                    Date:  June 7, 2017
Title:    Jonathan Chuang -v- Dr Pepper Snapple Group, Inc., et al.

## II.   DISCUSSION

Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity.  28 U.S.C. § 1332(d)(2).  The parties do not contest that the removed action meets either of CAFA's basic requirements.

Rather, Plaintiff contends that the Court *may* conclude at some future date that Plaintiff lacks standing, under Article III of the Constitution, to request injunctive relief for his false advertising claims.  (Mot. at 6).  Accordingly, Plaintiff seeks a remand of the entire action to the Superior Court; barring that, Plaintiff seeks a partial remand of those claims over which the Court lacks jurisdiction.  (*Id.* at 6–7).

To establish Article III standing, "a plaintiff must show (1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180–81 (2000).  "Standing exists if at least one named plaintiff meets the requirements." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011).

In the Ninth Circuit, courts are split as to whether plaintiffs in false advertising actions lack standing to pursue injunctive relief. *See Spann v. J.C. Penney Corp.*, No. SA CV 12-0215 FMO, 2015 WL 1526559, at *11 (C.D. Cal. Mar. 23, 2015) (describing the split).  "In some cases, courts have denied standing to seek an injunction for consumers who have been deceived by false advertising based on the notion that the consumer's knowledge makes it unlikely that they will be deceived again," whereas other "courts have found standing because it would prevent federal courts from enjoining false advertising under California's consumer protection laws . . . ." *Id.* at *11–12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1875-MWF(MRWx)                    Date:  June 7, 2017
Title:     Jonathan Chuang -v- Dr Pepper Snapple Group, Inc., et al.

Plaintiff contends that the action should be remanded because this Court *might* conclude that Plaintiff lacks standing to pursue injunctive relief.  In a sense, Plaintiff's argument puts the cart before the horse: the Court has not yet determined whether Plaintiff has standing to pursue injunctive relief, and thus Plaintiff has no basis from which to contend that any claim should be remanded for lack of jurisdiction.

Even assuming that the Court would agree that Plaintiff lacks standing to pursue his request for injunctive relief, however, remand would be inappropriate.  In *Lee v. American National Insurance Co.*, 260 F.3d 997 (9th Cir. 2001), the Ninth Circuit explained that "the presence of at least some claims over which the district court has original jurisdiction is sufficient to allow removal of an entire case, even if others of the claims alleged are beyond the district court's power to decide."  *Id.* at 1002–03.  Accordingly, the Ninth Circuit affirmed the district court's refusal to remand an action over which the court had subject matter jurisdiction over at least some of the claims.  *Id.* at 1007.  Here, the Court has jurisdiction at least over Plaintiff's request for damages.  Plaintiff's request that the Court remand the action in its entirety because the Court *might* conclude, but has not yet concluded, that Plaintiff lacks standing to pursue an injunction is precluded under *Lee*.

Furthermore, the Court may not remand only the request for injunctive relief.  The Court has considered this very issue in a similar case: *Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF(OPx), 2016 WL 1180143 (C.D. Cal. Mar. 24, 2016) (slip op.).  In *Cabral*, as here, the plaintiff alleged that the defendant's advertisements mislead consumers and sought a partial remand under the theory that she may have been foreclosed from seeking injunctive relief in federal court.  *Id.* at *1–2.  The Court determined that the plaintiff was not entitled even to a partial remand because, in part, "Plaintiff is seeking not to remand a *claim* but to remand a specific *remedy*" and "[n]either the text of 28 U.S.C. § 1447(c) [statute outlining procedure for remand] nor the policies underlying CAFA support such claim-splitting."  *Id.* at *3 (emphasis in original) (citing *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009) ("Injunctive relief is a remedy which must rely upon underlying claims.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1875-MWF(MRWx)                    Date:  June 7, 2017
Title:     Jonathan Chuang -v- Dr Pepper Snapple Group, Inc., et al.

The same is true here.  Plaintiff seeks to remand a particular form of relief, not a standalone claim.  Permitting two very similar lawsuits to go forward — one suit in this Court for damages, and a second, otherwise identical, suit in Superior Court for an injunction — "would produce immense inefficiencies."  *Cabral*, 2016 WL 1180143, at *4.  It would also violate California's primary rights doctrine, which provides that "a violation of a single primary right [here, the right to be free from false advertising] gives rise to but a single cause of action."  *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904, 123 Cal. Rptr. 2d 432 (2002).  Accordingly, the vast majority of district courts refuse to grant a partial remand in cases such as this.  *See, e.g.*, *Cabral*, 2016 WL 1180143, at *5; *Mezzadri v. Med. Depot, Inc.*, 113 F. Supp. 3d 1061, 1065–66 (S.D. Cal. 2015) (reasoning that "remanding solely a remedy is not a sound approach.  The logistics of splitting a remedy from the cause of action — and having solely a remedy stayed in state court pending the outcome of a federal action — is beyond the scope of this [c]ourt."); *Davidson v. Kimberly-Clark Corp.*, No. C-14-1783-PJH, 2015 WL 2357088, at *4 (N.D. Cal. May 15, 2015) (explaining the court was "flummoxed by the prospect of attempting to remand a remedy without any accompanying cause of action seeking that remedy"); *but see Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 961 (N.D. Cal. 2015) (remanding the plaintiff's request for injunctive relief under "principles of fairness and comity").

Plaintiff, while recognizing the Court's previous decision in *Cabral*, disagrees with the Court's reasoning and urges the Court instead to adopt the reasoning of *Machlan*.  The Court refuses Plaintiff's invitation for the same reasons expressed in *Cabral*:

> Congress already considered the "principles of fairness and comity" when it passed CAFA, and it is not for this Court to second-guess Congress's judgment.  For the Court to refuse to adjudicate claims falling squarely within its jurisdiction is to circumvent CAFA's goal of providing a federal forum for class actions implicating interstate interests.  The only alternative is to proceed in federal and state courts simultaneously, but as the Court already explained, such claim-splitting would produce immense

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-1875-MWF(MRWx)                    Date:  June 7, 2017
Title:     Jonathan Chuang -v- Dr Pepper Snapple Group, Inc., et al.

inefficiencies.  If a class action plaintiff, therefore, wishes to obtain injunctive relief that is not available in federal court, she must narrow her class to take it outside of CAFA's purview.  Otherwise, she must proceed in federal court without the prospect of obtaining an injunction.

2016 WL 1180143, at *4.  Plaintiff may, as he suggests, advance on appeal his arguments regarding the propriety of permitting a partial remand of requests for injunctive relief.  In the absence of any clear indication to the contrary from the Ninth Circuit, this Court is not persuaded that *Cabral* was wrongly decided.

In light of the foregoing, at the hearing Plaintiff respectfully submitted on the Court's tentative.

## III.  CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

IT IS SO ORDERED.