UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-01875-MWF (MRWx)           Date: September 20, 2017
Title:     Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al.

Present:    The Honorable **MICHAEL W. FITZGERALD**, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER RE MOTION TO DISMISS COMPLAINT [44]

      Before the Court is Defendants Dr. Pepper Snapple Group, Inc., Mott's LLP, and General Mills, Inc.'s Motion to Dismiss Complaint (the "Motion"), filed on July 17, 2017. (Docket No. 44). Plaintiff filed his Opposition to Defendants' Motion to Dismiss on August 7, 2017. (Docket No. 48). Defendants filed their Reply on August 21, 2017. (Docket No. 49). The Court has read and considered the papers filed on the Motion, and held a hearing on **September 18, 2017.**

      For the reasons set forth below, the Motion is **GRANTED**. Plaintiff's allegations are either belied by the labels themselves or are preempted. Plaintiff does not allege that he personally relied on various other alleged representations. A quasi-contract claim is conceivable, but rises and falls with the other claims. Plaintiff does have standing for injunctive relief. Although the Court is dubious that viable claims can be alleged, the Motion is granted ***with leave to amend***.

**I.      BACKGROUND**

      The Complaint (Notice of Removal (Docket No. 1), Ex. 1 ("Complaint") (Docket No. 1-1)) alleges the following facts, which the Court takes as true and construes in the light most favorable to Plaintiff. *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the

---

**CIVIL MINUTES—GENERAL**                                       1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-01875-MWF (MRWx) | Date: September 20, 2017 |
| Title: Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al. | |

light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009))).

Defendant Dr. Pepper Snapple Group develops, manufactures, distributes, and sells snack products under various brands, including Mott's. (Compl. ¶ 21). Under the authority of Dr. Pepper Snapple Group and Mott's, General Mills produces, markets, distributes, and licenses the fruit snacks Mott's makes. (*Id.* ¶¶ 22–23). Defendants' website markets the fruit snacks as "a tasty treat *you can feel good about!*" and the "*perfect after-school snack that's a win for you and your kids*." (*Id.* ¶ 3) (emphasis in original). Defendants' marketing and package labeling state that the fruit snacks are "Made with Real FRUIT!" and "Made with Real FRUIT & VEGETABLE [or "VEGGIE"] Juice." (*Id.* ¶ 16) (alteration and emphasis in original). Defendants' packaging also features images of fruits and vegetables alongside those statements. (*Id.* ¶ 35). Plaintiff pleads that, together, Defendants' packaging and marketing conveyed to him other reasonable consumers that the fruit snacks contain significant amounts of fruit and are nutritious and healthful, and therefore influenced him and other reasonable consumers to purchase the fruit snacks. (*Id.* ¶¶ 15–16).

Plaintiff is an individual who purchased Mott's Medleys Assorted Fruit Snacks every few months from a grocery store. (Compl. ¶ 20).

**Allegations Regarding Fruit and Vegetable Content in Fruit Snacks**

Defendants market the fruit snacks as "made with real fruit and vegetable juice" in both their marketing campaigns and on the product packaging, which also features images of the characterizing fruits and vegetables. (Compl. ¶¶ 34-35). For example, Plaintiff alleges that the labeling on the packaging for Defendants' Strawberry Apple Fruit Snacks prominently displays pictures of apples, pears, and carrots alongside the text "Made with real FRUIT and VEGETABLE juice." (*Id.* ¶ 36). But, Plaintiff alleges, the ingredients list shows that the Strawberry Apple Fruit Snacks do not contain strawberries and contain mostly sugar. (*Id.* ¶ 37). Similarly, Plaintiff alleges, the Berries Fruit Snacks packaging features images of berries but the product contains

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-01875-MWF (MRWx) | **Date:** September 20, 2017 |
| **Title:** Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al. | |

far more sugar than fruit ingredients, and contains more apple juice, pear juice, and carrot juice (all from concentrate) than berries. (*Id.* ¶¶ 42-43).

Plaintiff pleads that, as a result of Defendants' marketing and package labeling, consumers are misled into thinking that the fruit snacks contain more fruit and vegetable content than they really do. (Compl. ¶¶ 49, 54). Defendants' marketing and package labeling suggests to consumers that the fruit snacks contain significant amounts of the depicted fruits and vegetables, and are "fruit/vegetable-packed healthful snacks." (*Id.* ¶¶ 40, 75).

### Allegations Regarding Nutritional Qualities of Fruit Snacks

Likewise, Plaintiff alleges that Defendants' marketing and package labeling convey to consumers that the fruit snacks are "healthful and nutritious." (Compl. ¶ 34). For example, Defendants market the snacks as "the perfect after-school snack that's a win for you and your kids." (*Id.*).

The packaging on the Mott's Medleys Fruit Flavored Snacks further states that they give consumers "100% of your daily value of Vitamin C." (Compl. ¶ 38, Illustration 4). Plaintiff alleges that Defendants emphasize the vitamin C content of the fruit snacks throughout the marketing and labeling of the snacks, but in fact any notable vitamin content comes through fortification, not fruit and vegetable content. (*Id.* ¶¶ 38, 41, 44, 48).

Plaintiff alleges that as a result of these claims in the marketing and packaging of the fruit snacks, reasonable consumers — especially parents — are deceived into thinking the fruit snacks are healthy snacks for their children when they in fact are "essentially candy." (Compl. ¶ 52).

### Claims Asserted

Based on the allegations described above, the Complaint asserts six causes of action: (1) breach of express warranty; (2) unjust enrichment; (3) violation of the California Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.; (4) unlawful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-01875-MWF (MRWx) | **Date:** September 20, 2017 |
| **Title:** Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al. | |

business practices in violation of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (5) fraudulent business practices in violation of the UCL; and (6) violation of California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.

Plaintiff filed this putative class action in Los Angeles County Superior Court on February 6, 2017. (Notice of Removal (Docket No. 1)). On March 8, 2017 Mott's removed the action to this Court under the Class Action Fairness Act of 2005 ("CAFA"). (Notice of Removal at 3). Plaintiff filed a Motion to Remand (Docket No. 27), which the Court denied. (Docket No. 38). Defendants now move to dismiss the Complaint for failure to state a claim.

## II.   JUDICIAL NOTICE

Defendants request judicial notice of the product labels at issue in the case. (Docket No. 45; *see* Declaration of Charles C. Sipos in Support of Defendants' Motion to Dismiss Complaint, Exhibit A (Docket No. 44-3)). Plaintiff does not oppose. The Court will take judicial notice of the labels, as the contents of these documents are "not subject to reasonable dispute." Fed. R. Evid. 201.

## III.   DISCUSSION

Defendants contend that the Complaint fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) on a number of grounds. "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-01875-MWF (MRWx)        **Date:** September 20, 2017
**Title:**     Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al.

of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

      The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (as amended) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

      Defendants contend that Plaintiff fails to state claims under the UCL, CLRA, and FAL because independent review of the labels at issue demonstrate that the fruit snacks labels are not misleading to a reasonable consumer; Plaintiff fails to state a claim under the "unlawful" prong of the UCL because Plaintiff does not plausibly allege the fruit snacks are "misbranded" under federal law; Plaintiff fails to state a claim for breach of express warranty; and Plaintiff fails to state a claim for unjust enrichment.

      //

      //

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-01875-MWF (MRWx)	Date:  September 20, 2017
Title:	Jonathan Chuang -v.- Dr. Pepper Snapple Group, Inc., et al.

### A. The UCL, FAL, and CLRA Claims

Although there are important differences between the UCL, FAL, and CLRA, to state a viable claim under any of those statutes, Plaintiffs must allege facts showing that the advertisement in question is misleading to a reasonable consumer. *In re: 5 Hour Energy*, No. MDL 13-2438 PSG(PLAx), 2014 WL 5311272, at *23 (C.D. Cal. Sept. 4, 2014) (holding that "reasonable consumer" standard applies to UCL, FAL, and CLRA claims) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). False advertisement laws prohibit "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Williams*, 552 F.3d at 938 (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951, 119 Cal. Rptr. 2d 296 (2002)).

The heightened pleading standard of Rule 9(b) applies to Plaintiff's false advertising claims. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s particularity requirement applies to these state-law causes of action [*i.e.*, false advertisement claims]."). To advance past the pleading stage, therefore, the plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "It is not enough . . . to simply claim that [an advertisement] is false—[the plaintiff] must allege facts showing **why** it is false." *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 974 (N.D. Cal. 2014) (emphasis in original); *see Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."). "It is well settled that fraud allegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded." *Comwest, Inc. v. Am. Operator Servs.*, Inc., 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (internal quotation marks and citations omitted). Courts have therefore required the plaintiff to detail the "who, what, when, where, and how" of the charged misconduct, *Vess*, 317 F.3d at1106, which generally involves conducting a "precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-01875-MWF (MRWx)           **Date:** September 20, 2017
**Title:**     Jonathan Chuang *-v.-* Dr. Pepper Snapple Group, Inc., et al.

     Plaintiff's allegations fail to meet this standard because they fail to point to any false statements on the part of Defendants regarding the fruit snacks. Plaintiff points to images of certain fruits and vegetables on the packaging and to statements such as "made with real fruit and vegetable juice" and "100% of your daily value of Vitamin C," but Plaintiff does not adequately allege how the images and statements are false, in particular because an independent review of the product labels reveals that the statements are ***not*** false, as the products do contain the fruits and vegetables depicted, are made with fruit and vegetable juice, and contain 100% of the daily value of Vitamin C. (*See* Declaration of Charles C. Sipos, Exhibit A); *see McKinnis v. Kellogg USA*, No. CV 07-2611-ABC (RCx), 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) (dismissing UCL, FAL, and CLRA claims after an examination of the packaging at issue revealed a reasonable consumer could not be misled); *Rooney v. Cumberland Packing Corp.*, 12-CV-0033-H DHB, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) (same).

     Where statements or depictions of ingredients on packaging are truthful, as demonstrated by a review of the packaging at issue here, courts may dismiss claims that those statements or depictions are misleading. *See Hadley v. Kellogg Sales Co.*, --- F. Supp. 3d ----, 2017 WL 1065293, at *10–11 (N.D. Cal. Mar. 21, 2017) (dismissing claims that "Made with Real Fruit" was misleading and holding that "[i]t is not misleading for a product to state it is made with real fruit when that statement accurately represents that the product contains real fruit and does not misrepresent the type of fruit the product contains"); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035–37 (N.D. Cal. 2015) (dismissing claims where label contained images of ingredients actually in the product).

     At the hearing, Plaintiff contended that the labels are not truthful because they depict images of ***fruits***, but the products actually contain only fruit ***juices*** or ***purees***. The Court finds this unpersuasive. Just as cartons of orange juice might feature images of oranges, the fruit snacks labels feature images of the fruits whose juices or purees are ingredients in the fruit snacks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 17-01875-MWF (MRWx)**                     **Date:  September 20, 2017**
**Title:**      Jonathan Chuang *-v.-* Dr. Pepper Snapple Group, Inc., et al.

Likewise, other courts in this circuit have dismissed complaints contending that "made with" claims or images of a certain ingredient on labels convey to consumers that the product contains a "significant" amount of that ingredient, as Plaintiff here contends.  (*See* Compl. ¶ 19).  *See, e.g.*, *Henderson v. Gruma Corp.*, 10-CV-04173, 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011) (holding it unlikely a "reasonable consumer" would be misled that statement "Made With Garden Vegetables" indicated the product contains "a specific *amount* of vegetables") (emphasis in original); *Red v. Kraft Foods, Inc.*, No. 10-CV-1028-GW(AGRx), 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) ("Plaintiffs' theory of the case is that the packaging suggests the product is *healthy* and contains a *significant amount* of vegetables", because the packaging boasts that the crackers are made with real vegetables and depicts vegetables. The fact remains that the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables.") (emphasis in original) (quotations and citations omitted); *Romero v. Flower Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *6-7 (N.D. Cal. Feb. 8, 2016) ("[T]he Court cannot agree with Plaintiff that the word 'wheat' combined with 'wholesome wheat' and 'healthy grains' or 'Healthy White' alongside images of wheat stalks and honey pots could lead a reasonable consumer to conclude that the breads 'contain a *significant amount* of whole wheat and are thus healthier than other white breads.'") (emphasis in original).

To the extent Plaintiff alleges that the Strawberry Apple Fruit Snacks do not contain strawberry even though strawberries are depicted on the box (Compl. ¶ 37), Plaintiff now acknowledges he included an incorrect image of the Strawberry Apple Fruit Snacks packaging in the Complaint, and that Strawberry Apple Fruit Snacks in fact do include strawberry puree.  (Opp. at 3).  The following image of the packaging for the Strawberry Apple Fruit Snacks demonstrates that the product does actually contain each of the fruits depicted:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 17-01875-MWF (MRWx)**          **Date:  September 20, 2017**
**Title:**     Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al.



(Declaration of Charles C. Sipos, Exhibit A-6).

Plaintiff correctly (and briefly) notes in a footnote to his Opposition that the Strawberry Splash Fruity Rolls and the Berry Fruit Flavored Snacks do not actually contain strawberry and berry, respectively.  (Opp. at 3, n.3).  However, as Defendants argue in their Reply, challenges to flavor designations as misleading are expressly preempted under the Nutrition Labeling Education Act of 1990 ("NLEA") 21 U.S.C. § 343-1(a)(3) (preempting "any requirement for the labeling of food of the type required by section . . . 343(k) of this title [regarding flavoring] that is not identical to the requirement of [federal law]").  The United States Food & Drug Administration's flavoring regulations, 21 C.F.R. § 101.22(i), expressly permit a product to identify its "characterizing flavor," even if that flavor does not necessarily correspond to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 17-01875-MWF (MRWx)**          **Date:  September 20, 2017**
**Title:**      Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al.

product's ingredients.  Therefore, Plaintiff's brief suggestion that Defendants' description of their products' flavors as "Berry" or "Strawberry Splash" is misleading under California law is preempted by the NLEA.  *See Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 891 (C.D. Cal. 2013) ("Courts have repeatedly found that state law claims challenging 'natural flavors' labels, accompanied by images or names of fruit, are preempted, because such labeling references the characterizing flavor of the food and is permitted by § 101.22."); *McKinniss v. Gen. Mills, Inc.*, No. CV 07-2521 GAF(FMOx), 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) (observing that FDA regulations "permit[] . . . product labels to indicate the product's 'characterizing flavor,' even where the product contains no ingredients derived from the depicted fruit").

Even considering the packaging "as a whole," as Plaintiff argues the Court must (Opp. at 5), the Court concludes that a reasonable consumer could not be misled regarding the nutritional qualities or quantities of fruit in Mott's fruit snacks.  The fruit snacks contain the fruits depicted in the images on labels, contain the vitamin C indicated in the marketing and on the labels, and to the extent Plaintiff was led to believe the fruit and vegetable content made the fruit snacks healthy, Defendants' packaging clearly states that the fruit snacks are "not intended to replace fruit in the diet."  (*See* Decl. of Charles C. Sipos, Exhibit A); *see also Workman*, 141 F. Supp. 3d at 1035 ("One can hardly walk down the aisles of a supermarket without viewing large pictures depicting vegetable or fruit flavors, when the products themselves are largely made up of a different base ingredient. Every reasonable shopper knows that the devil is in the details. Moreover, any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance.").

The below images of fruit snacks packaging demonstrate that, even taken as a whole, the labels could not mislead a reasonable consumer because each variety of fruit snack contains the fruits depicted in images on the box, the ingredients lists clearly demonstrate that the products contains more sugar than real fruit and vegetable juice, and the boxes contain statements that the fruit snacks are "not intended to replace fruit in the diet."

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 17-01875-MWF (MRWx)**　　　　　**Date:  September 20, 2017**
**Title:**　　Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al.



(Declaration of Charles C. Sipos, Exhibit A-1).



(Declaration of Charles C. Sipos, Exhibit A-2.

**CIVIL MINUTES—GENERAL**　　　　　**11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 17-01875-MWF (MRWx)**                **Date:  September 20, 2017**
**Title:**      Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al.



(Declaration of Charles C. Sipos, Exhibit A-3).



(Declaration of Charles C. Sipos, Exhibit A-4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 17-01875-MWF (MRWx)**       **Date:  September 20, 2017**
**Title:      Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al.**



(Declaration of Charles C. Sipos, Exhibit A-5).

A consideration of the statements Plaintiff alleges Defendants made in their marketing of the fruit snacks does not change this result.  (Compl. ¶¶ 3, 30, 34).  Defendants argue that to the extent Plaintiff's claims are based on statements made in Defendants' website, press releases, or other marketing materials, they should be dismissed because Plaintiff did not allege that he saw and relied on those statements.  (Mot. at 19–20).  Plaintiff argues that as the named plaintiff in a putative class action, he may base his claims on representations relied upon by absent class members that are "substantially similar" to those on which he relied.  (Opp. at 17).  The Court need not decide this issue because it concludes that even if Plaintiff bases his claims on representations he never saw and on which he never relied, he still has not shown that a reasonable consumer could be deceived by those representations.  Statements in the marketing materials that the fruit snacks are made with "real fruit and vegetable juice" are ***true***, as discussed above.  And statements that in the marketing materials that kids "love" fruit snacks, which are a "tasty treat you can feel good about" claim nothing about the fruit and vegetable or nutritional content of the fruit snacks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-01875-MWF (MRWx)           **Date:** September 20, 2017
**Title:** Jonathan Chuang -v.- Dr. Pepper Snapple Group, Inc., et al.

Accordingly, Plaintiff fails to state a claim under the FAL, CLRA, or UCL. The Court need not separately address Plaintiff's claim under the "unlawful" prong of the UCL, which he bases on violations of federal labeling law, because, as discussed above, Plaintiff has failed to meet the "reasonable consumer" standard necessary to state a UCL claim. *See Hadley*, 2017 WL 1065293, at *14 (applying "reasonable consumer" standard to claim under the "unlawful" prong of the UCL).

### B. Breach of Express Warranty Claim

"To prevail on a breach of express warranty claim under California law, a plaintiff must prove that: (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 984 (C.D. Cal. 2015). The plaintiff must allege the "exact terms of the warranty." *Nabors v. Google, Inc.*, No. 5:10-CV-03897 EJD PSG, 2011 WL 3861893, at *4 (N.D. Cal. Aug. 30, 2011) (citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142, 229 Cal. Rptr. 605 (1986)); *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012) ("Defendant is correct that a breach of express warranty claim must describe the exact terms of the warranty at issue.").

As the district court stated in *Nabors*, "General assertions about representations or impressions given by [the defendant] . . . are not equivalent to a recitation of the exact terms of the underlying warranty." 2011 WL 3861893, at *4. "At the least, [the plaintiff] must identify the particular commercial or advertisement upon which he relied and must describe with the requisite specificity the content of that particular commercial or advertisement." *Id.* (citing *Baltazar v. Apple, Inc.*, CV-10-3231-JF, 2011 WL 588209, at *2 (N.D. Cal. Feb. 10, 2011)).

Plaintiff contends that Defendants expressly warrant in their marketing, labeling, and promotion of the fruit snacks that the fruit snacks "are made with 'Real FRUIT and VEGETABLE juice,' nutritious, and healthful to consume." (Compl. ¶ 69) (emphasis in original). Plaintiff further contends that Plaintiff purchased the snacks based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 17-01875-MWF (MRWx)**                    **Date:  September 20, 2017**
**Title:      Jonathan Chuang -v.- Dr. Pepper Snapple Group, Inc., et al.**

those warranties, and that Defendants breached those warranties by selling products that did not conform to the warranties they made.  (*Id.* ¶ 70).

First, as discussed above and evidenced by the product labels themselves, the statements that the fruit snacks are made with "Real FRUIT and VEGETABLE juice," are true.  And, Plaintiff does not allege the products are ***not*** made with fruit and vegetable juice — just that the products do not contain the "significant amount" of fruit and vegetables he thought they did.  (Compl. ¶¶ 2, 19).  Thus, to the extent Defendants warranted their fruit snacks were made with real fruit and vegetable juice, there is no breach.  *See Viggiano*, 944 F. Supp. 2d at 893–4 (dismissing express warranty claim to the extent that "all natural flavors" label accurately described product).

Second, Plaintiff does not point to the "exact terms of the warranty" that the fruit snacks are nutritious and healthful to consume.  *See Nabors*, 2011 WL 3861893, at *4; *Rosales*, 882 F. Supp. 2d at 1178.  Plaintiff points to no statement on the fruit snacks' packaging or in the marketing of the fruit snacks that claims the fruit snacks are "nutritious" or "healthful to consume."  Because Plaintiff fails to point to the terms of the warranty, he fails to state a claim for breach of express warranty.  *See, e.g.*, *Werbel v. Pepsico, Inc.*, No. CV 09-04456 SBA, 2010 WL 2673860, at *5 (N.D. Cal. July 2, 2010) (dismissing breach of express warranty claim when the alleged warranties "contains berries" and "substantially fruit-based product deriving nutritional value from fruit" were not on product packaging).

### C.      Unjust Enrichment Claim

Defendants are correct that California does not have a standalone cause of action for unjust enrichment.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).  However, the theory of unjust enrichment — that a defendant has been unjustly conferred a benefit through, *inter alia*, fraud — survives as a remedy in a quasi-contract claim.  *Id.* In *Astiana*, the Ninth Circuit held that "[w]hen a plaintiff alleges unjust enrichment, a court ***may*** 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id.* (emphasis added).  Plaintiffs may plead unjust enrichment claims even when they are duplicative of other claims.  *Id.*; *see also Romero*, 2016 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 17-01875-MWF (MRWx)**         **Date:  September 20, 2017**
**Title:**    Jonathan Chuang -*v.*- Dr. Pepper Snapple Group, Inc., et al.

469370, at *9 (permitting an unjust enrichment claim even though it might be duplicative of the plaintiff's other claims under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act); *In re Safeway Tuna Cases*, No. CV 15-05078 EMC, 2016 WL 3743364, at *1–2 (N.D. Cal. July 13, 2016) (permitting unjust enrichment claim even if it might be duplicative of other claims).

A claim for unjust enrichment, restitution and/or quasi-contract cannot lie where the plaintiff has received the benefit of the alleged bargain. *See Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593, 80 Cal. Rptr. 3d 316 (2008) ("Here, plaintiffs received the benefit of the bargain. . . . 'There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected.'" (quoting *Comet Theatre Enters., Inc. v. Cartwright*, 195 F.2d 80, 83 (9th Cir. 1952)).

Here, Plaintiff's unjust enrichment claim is premised on the allegation that Defendants have "retain[ed] the revenues derived from Plaintiff's and Class members' purchases of the Fruit Snacks" and that retention of those revenues is "unjust and inequitable because Defendants falsely and misleadingly represent that the Fruit Snacks contain significant amounts of the actual fruits shown in the marketing on the labeling of the Products, are nutritious and healthful to consume, and are more healthful than similar products." (Compl. ¶ 75).

Does this re-labeled unjust enrichment claim reach more broadly than the claims already discussed?  That was argued by both sides at the hearing, in part because the Court wrote an ambiguous tentative.  Having considered the issue again, the Court determines that its view at the hearing was correct:  Because Plaintiff has failed to state claims under the California consumer protection statutes, the unjust enrichment claim fails as well.  *See McKinniss v. Sunny Delight Beverages Co.*, No. CV 07-02034-RGK (JCx), 2007 WL 4766525, at *6 (C.D. Cal. Sept. 4, 2007) (dismissing unjust enrichment claim where "Plaintiffs cannot allege sufficient facts to support *any* claims based on the depiction of fruit on Defendant's product labels") (emphasis in original); *Sue Shin v. Campbell Soup Co.*, No. CV 17-1082-DMG (JCx), 2017 WL 3534991, at *8 (C.D. Cal. Aug. 9, 2017) ("Shin's claim for unjust enrichment is based on the same allegedly 'deceptive, fraudulent, and misleading labeling, advertising, marketing, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-01875-MWF (MRWx) | **Date:** September 20, 2017 |
| **Title:** Jonathan Chuang -v.- Dr. Pepper Snapple Group, Inc., et al. | |

sales' conduct that she alleges as the basis for her other claims.  Shin's unjust enrichment claim fails for the same reason that her UCL, FAL, and CLRA claims fail: it is contingent upon the allegation that Shin relied to her detriment on Campbell's fraudulent misrepresentations or misleading statements to the benefit of Campbell.").

The statements regarding the fruit content and nutritional qualities of the fruit snacks are all true, so Plaintiff has received the benefit of the bargain.  The essence of Plaintiff's argument for this claim — the misleading thrust of the representations — is already covered in the "context" arguments discussed above.  The Court is unaware of any California appellate authority or any Ninth Circuit case construing that authority that establishes that quasi-contract reaches more broadly than the very broad claims discussed above.  But should Plaintiff choose to file a First Amended Complaint, he may include a quasi-contract claim as a separate claim for relief.

### D.     **Standing for Injunctive Relief**

Although the Court need not decide whether Plaintiff has standing to pursue injunctive relief because it has already found that Plaintiff failed to state claims under the UCL, FAL, and CLRA, the Court notes that it recently found standing to pursue injunctive relief in similar circumstances.  (*Delman v. J. Crew Grp. Inc., et al.*, No. CV 16-9219 MWF(ASx), Docket No. 34).  In that case, the plaintiff alleged that she would purchase more products from the defendants if they ceased making the alleged false representations.  The Court found that, although there is a split in the Ninth Circuit as to whether a plaintiff has standing to seek injunctive relief under such circumstances, *see Spann v. J.C. Penney Corp.*, No. SA CV 12-215 FMO, 2015 WL 1526559, at *11 (C.D. Cal. Mar. 23, 2015) (describing the split), the plaintiff's allegations stated sufficient likelihood of future harm to confer standing.  Similarly, Plaintiff here alleges that he would continue to purchase the fruit snacks if the products conformed to the representations on their labels.  (Compl. ¶ 20).

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-01875-MWF (MRWx)  Date:  September 20, 2017
Title:    Jonathan Chuang -v.- Dr. Pepper Snapple Group, Inc., et al.

### E. Leave to Amend

The Court notes that in similar cases in which the courts' examinations of the product labels at issue revealed that no reasonable consumer could be misled, those courts have granted motions to dismiss *without* leave to amend.  *See, e.g.*, *Henderson*, 2011 WL 1362188, at *14 (dismissing claims under the UCL, FAL, and CLRA with prejudice); *Workman,* 141 F. Supp. 3d at 1037 (dismissing without leave to amend UCL and CLRA claims where the "labels at issue are not deceptive, and the labels themselves cannot be changed by a new complaint"); *Hadley*, 2017 WL 1065293, at *17 (dismissing claim under the UCL with prejudice where "label is not misleading as a matter of law").

Likewise, Defendants argue that their Motion should be granted without leave to amend.  (Mot. at 20).  The Court agrees that any attempts to amend the Complaint to adequately state UCL, FAL, or CLRA claims are likely to be futile, in light of its examination of the package labels at issue.  However, Plaintiff is granted one further attempt to allege violable claims, if that can be done consistent with Rule 11.  *See* Fed. R. Civ. P. 15(a)(2).

### III. CONCLUSION

Accordingly, the Motion to Dismiss is **GRANTED**.  The Motion is granted *with leave to amend*.  If Plaintiff chooses to file a First Amended Complaint, he may allege a quasi-contract claim as a standalone claim and may pursue injunctive relief.  On or before **October 11, 2017**, Plaintiff shall either file his First Amended Complaint or notify the Court and Defendants that he is resting on his Complaint, at which time the action will be dismissed and judgment entered.

IT IS SO ORDERED.